## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:17-cv-00998 |
| v. | ) |
| | ) |
| BEAVER COUNTY, | ) |
| | ) |
| Defendant. | ) |

### OPINION

**Mark R. Hornak, Chief United States District Judge**

William White ("Plaintiff") performed computer consulting services for Defendant,

Beaver County (the "County") for nearly fifteen years. Plaintiff and the County had a number of

contracts in place that provided that Plaintiff was an independent contractor and not an

employee. Following the non-renewal of his contract in 2017, Plaintiff brought this suit alleging

that he was, in fact, a county employee and was denied employment benefits. Count I of the

Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Count II

alleges violations of the Pennsylvania County Pension Act, 16 Pa. C.S. §§ 11651 *et seq.*, and

Count V alleges that the County breached an employment compensation agreement by not

providing Plaintiff with medical insurance. (Compl., ECF No. 1).[1]

Now before the Court is the County's Partial Motion for Summary Judgment (ECF No.

---

[1] The remaining Counts raised in the Plaintiff's Complaint were dismissed with prejudice following a hearing on the County's Motion to Dismiss at ECF No. 4. (ECF No. 10). The Court also dismissed all damages claims that accrued prior to July 30, 2014, under Count I as well as all damages claims related to pay periods before July 30, 2011, under Count II with prejudice as being barred by the applicable statutes of limitations. (*Id.*). The County withdrew its Motion to Dismiss as to Count V. (*Id.*). In a telephonic status conference held on January 14, 2019, (ECF No. 38), the parties represented to the Court that they believed that only Counts I and II of the Complaint remained. The Court's review of the docket revealed that Count V has not been dismissed and the County provided responses to the allegations of Count V in its Answer. (ECF No. 11). Thus, it appears to the Court that Count V is still active in this case.

27). The County seeks the entry of summary judgment in its favor on Count II of the Complaint. For the reasons that follow, the County's Motion will be DENIED WITHOUT PREJUDICE.

## I.    BACKGROUND

The following facts are undisputed. Plaintiff and the County entered into a number of "Consultant Agreement" contracts that provided that the Plaintiff would perform computer technology consulting services for the Beaver County Office on Aging. (Def.'s Concise Statement of Material Facts ("Def.'s CSF"), Exh. A, ECF No. 34-1). The first such contract was entered into on October 24, 2002. (*Id.* at 6). Per the contract, Plaintiff was to perform up to 800 hours of work and be compensated at a rate of $20.00 per hour. (*Id.* at 4). The parties renewed Plaintiff's contract every year, as a matter of course, until May 23, 2017. (Compl. ¶ 11).[2] The only substantive modifications to the parties' agreement with each amendment and new contract were extensions of the contractual term and Plaintiff's compensation. (Def.'s CSF, Exh. A). The parties did not renew the contract after its expiration on May 23, 2017. (Def.'s CSF ¶ 9). The relevant portion of each contract for the purposes of this Motion is Section III, which purports to define the relationship of the parties and reads, in part, as follows:

### III. RELATIONSHIP OF PARTIES

A. **Consultant's relationship to the County is that of an independent contractor; both parties agree that Consultant is not an employee of the County**.

B. The parties further agree that, as an independent contractor, Consultant is not covered by the County's worker's compensation or unemployment compensation insurance, and Consultant expressly waives any such coverage. **Consultant shall have no claim under this Agreement or otherwise against the County for** Workers' Compensation, unemployment insurance benefits, or **any other employee benefits**, all of which shall be the responsibility of Consultant.

---

[2] Citations to allegations in the Complaint herein were admitted by the County in its Answer at ECF No. 11. For the purposes of summary judgment, these admissions constitute undisputed facts. Fed. R. Civ. P. 56(c)(1)(A).

-2-

(Def.'s CSF, Exh. A at 5) (emphasis added). Each "new" contract that Plaintiff and the County entered into contained these exact provisions. (*Id.* at 11, 15, 19).

Plaintiff avers that he worked continuously and exclusively for the Beaver County Office on Aging as a computer technician for the entirety of the nearly fifteen-year period that he was under contract with the County. (Pl.'s Concise Statement of Material Facts ("Pl.'s CSF") ¶ 1, ECF No. 41). The County has not provided evidence to counter this assertion. It is also undisputed that the County supplied all work assignments to Plaintiff and determined which work assignments had higher priority. (*Id.* ¶¶ 21–22). The County retained authority on how and where Plaintiff set up new equipment, and Plaintiff was instructed by supervisory employees of the County on the manner in which work was to be completed. (*Id.* ¶¶ 29, 31). Plaintiff further avers, and the County admits, that he worked, on average, on a full-time basis for the County during this period and that he worked more than forty hours per week on numerous occasions. (*Id.* ¶¶ 11–12).

Under the Pennsylvania County Pension Law, all county employees "shall be required to become [members] of the retirement system established" by the County Pension Law. 16 Pa. C.S. § 11660. A "county employee" is defined for purposes of the County Pension Law at 16 Pa. C.S. § 11652 as follows:

> (2) "County employe[e]" means any person, whether elected or appointed, who is employed by the county, the county institution district, in the county prison or in any other institution maintained by the county from county moneys, or who is employed by any county or State official and paid by such official from moneys appropriated by the county for such purpose, whose salary or compensation is paid in regular periodic installments or from fees collected by his office, but shall not, except as hereafter provided, include any person employed after the effective date of this act on a part-time basis.

## II.    STANDARD OF REVIEW

A court shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment must be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). But, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The moving party bears the initial burden of demonstrating that there are no genuine disputes of material fact. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362 (3d Cir. 1992) (citing *Celotex*, 477 U.S. at 323). If the moving party satisfies this burden, the opposing party must designate specific facts in the record that show that there is a genuine factual dispute to be resolved at trial. *Celotex*, 477 U.S. at 324. The non-moving party may rely on its own affidavits or on the "depositions, answers to interrogatories, and admissions on file" to designate these facts, but may not rely solely on his own pleadings. *Id.*; *see also Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arising under the Fair Labor Standards Act presents a federal question. The Court has supplemental jurisdiction over Plaintiff's Pennsylvania County Pension Law claim pursuant to

28 U.S.C. § 1367 because this state law claim is part of the same case or controversy within the meaning of Article III of the United States Constitution. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 167 (1997). Because the County's Motion only applies to Count II, the state law claim, the Court will apply Pennsylvania substantive law in ruling on the Motion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

## III.   ANALYSIS

The sum and substance of the County's argument is "[*c*]*ontractus legem ex conventione accipiunt*," that is, "[t]he agreement of the parties makes the law of the contract." (Def. Br. in Supp. at 5, ECF No. 28). Essentially, the County argues that Plaintiff agreed to be an independent contractor and to waive all employment benefits, and therefore he is not an employee entitled to the benefits of the County Pension Law. It is firmly established under Pennsylvania law that the designation of a worker in a contract as an "independent contractor" is not dispositive in determining whether an employer-employee relationship exists. *See George v. Nemeth*, 233 A.2d 231, 233 (Pa. 1967); *see also Jones v. Century Oil U.S.A., Inc.*, 957 F.2d 84, 86 (3d Cir. 1992) ("Pennsylvania law governs the determination of the[] relationship . . . the determining factor is not the way in which plaintiffs or defendant regards this relationship but "what it really was under the facts and applicable rules of law."") (quoting *Feller v. New Amsterdam Cas. Co.*, 70 A.2d 299, 302 (Pa. 1950)).

The County argues, without citation to authority, that the Pennsylvania courts and legislature have declined to extend this fact-based analysis to the determination of whether a designated independent contractor is, in reality, an employee for purposes of the Pennsylvania County Pension Law. As a federal court applying Pennsylvania law, this Court is bound by the

decisions of the Pennsylvania Supreme Court. *See Covington v. Continental Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). "In the absence of a definitive ruling by a state's highest court, we must predict how that court would rule if faced with the issue." *Id.*

The Court is not aware of any authority applying a fact-based analysis to determine whether a nominal independent contractor is actually an employee in the particular context of the Pennsylvania County Pension Law, and no party has presented any, but the Court has little difficulty concluding that the Pennsylvania Supreme Court would apply such an analysis if it encountered the issue.[3] The Pennsylvania cases cited herein have not qualified or limited the application of its fact-based and case-by-case inquiry of whether a worker is in fact an employee. Nor is there any indication within the statutory text of the Pennsylvania County Pension Law that the employment relationship should take on a different meaning or be determined in a different way from how such relationships are conventionally determined under Pennsylvania law. Per 16 Pa. C.S. § 11652(2), a "county employee" is essentially any person "employed" by the county on a full-time basis that is paid in periodic installments.

The County Pension Law was enacted in 1971. 1971 Pa. Laws 398–410. By 1971, it was already established that an employer-employee relationship was determined by the factual reality of the relationship between the parties, not merely on the labels that the parties ascribed to the relationship. *E.g.*, *Feller*, 70 A.2d at 302. Nothing in the County Pension Law's enactment or subsequent amendments evidences an intent to disrupt the settled meaning of "employed" under Pennsylvania law. *See, e.g.*, *Fonner v. Shandon, Inc.*, 724 A.2d 903, 906 (Pa. 1999) ("When confronted with questions of statutory construction, the words of a statute are to be interpreted in light of antecedent case law, and the legislative intent to effectuate a drastic change in the law is not to be inferred by mere omission and implication."). And, as the County acknowledges,

---

[3] The parties were granted leave to file supplemental briefs addressing this issue. (ECF No. 33). Neither party did so.

Pennsylvania courts and its legislature have applied a fact-intensive and case-by-case inquiry to the employer-employee determination in related contexts, such as the Pennsylvania Unemployment Compensation Law. *See* 43 Pa. C.S. § 753(*l*)(2)(B). By way of further example, a Pennsylvania court, in determining whether a football referee was an independent contractor or employee for purposes of the Pennsylvania Workman's Compensation Act, 77 Pa. C.S. §§ 1 *et seq.*, applied the following factors identified by the Pennsylvania Supreme Court:

> [C]ertain factors will be considered which, while not controlling, serve as general guidance to the Court. These factors include: the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time

*Lynch v. W.C.A.B. (Connellsville Area Sch. Dist.)*, 554 A.2d 159, 160 (Pa. Commw. Ct. 1989) (citing *Hammermill Paper Co. v. Rust Eng'g Co.*, 243 A.2d 389 (Pa. 1968)). The *Lynch* court's citation to *Hammermill* supports the assertion that Pennsylvania courts would apply their common law definition of "employment" to other statutory contexts, as *Hammermill* itself concerned whether a party could be vicariously liable under common law for the negligent construction of a property by one of its workers. Since 1985, the Third Circuit has applied a similar test with nearly identical considerations in determining whether "as a matter of economic reality" individuals are employees for purposes of the Fair Labor Standards Act. *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382–83 (3d Cir. 1985). Though *DialAmerica* concerned a federal statute, the similarity of its test to tests long-applied by Pennsylvania courts in determining whether an employment relationship exists further supports the conclusion that the Pennsylvania Supreme Court would apply a similar test to the County Pension Law.

Moreover, it strikes the Court as untenable to suggest that a County could avoid its obligations under the Pennsylvania County Pension Law by simply having a prospective worker sign a contract designating himself as an independent contractor when he would, in all relevant aspects, be functioning as a full-time employee. At minimum, in the Court's estimation, had the Pennsylvania legislature intended such an odd interpretation of the statute—one that would be directly contrary to other settled principles of Pennsylvania law—the legislature would have expressed such an intention in the statutory text. It did not.

With these considerations in mind, a review of the sparse factual record in this case forecloses the possibility of summary judgment. Based on the Plaintiff's uncontroverted averments, the County exerted control over the manner in which the Plaintiff performed his work with the County. (Pl.'s CSF, ¶¶ 5, 21, 22, 24, 26, 27, 29, 31). Under Pennsylvania law, this alone is sufficient such that a reasonable jury could conclude that the Plaintiff was, in fact, an employee of the County. *Green v. Indep. Oil Co.*, 201 A.2d 207, 210 (Pa. 1964) ("The hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished[.]"). But there is more. Plaintiff avers that he could summarily quit or be fired. (Pl.'s CSF ¶¶ 32–33). Plaintiff was engaged in no other distinct occupation or business during his time with the County, (*Id.* ¶¶ 1, 13–15) and worked, on average, on a full-time basis and often more than forty hours per week. (*Id.* ¶¶ 11–12). And, Plaintiff was never paid by the job nor could Plaintiff earn a profit or suffer a loss per his arrangement with the County. (*Id.* ¶¶ 16, 20). To be clear, the fact that the contracts between Plaintiff and the County described Plaintiff as an "independent contractor" is not irrelevant. *Lynch*, 554 A.2d at 160. It is simply not dispositive. Plaintiff has come forward with sufficient evidence at this juncture to create a factual dispute as to whether he

was a County employee. This factual dispute must be resolved at trial.

The Court interprets the County's argument as exclusively relying on Plaintiff's alleged status as an independent contractor. Because the Court concludes that there is a factual dispute as to whether the Plaintiff was an "employee" of the County, the County's argument fails. The Consultant Agreement states that the Plaintiff "shall have no claim" for "any . . . employment benefits," but this waiver was conditioned on Plaintiff's status as an independent contractor. (Def.'s CSF, Exh. A at 5). Even if this were not the case, the County cites no authority—nor is the Court aware of any—that supports the assertion that an employee can disclaim employment benefits under the County Pension Act.[4] The statute itself does not authorize a waiver of benefits, and the statutory text describing the "compulsory" membership of all employees to become members of the retirement system belies such an assertion. *See* 16 Pa. C.S. § 11660 ("[A]ll other county employees *shall be required* to become a member of the retirement system established by this act[.]"). (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion for Summary Judgment (ECF No. 27) will be DENIED WITHOUT PREJUDICE. The case shall proceed to trial on Counts I, II, and V of the Complaint (ECF No. 1).

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated:    February 7, 2019
cc:       All counsel of record

---

[4] Once again, the parties were granted leave to address this issue with supplemental briefing, (ECF No. 33), and neither party did so.