# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WHITE, | ) |
| Plaintiff, | ) )  ) |
|  | )  2:17-cv-00998 |
| v. | ) ) |
| BEAVER COUNTY, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

On July 18, 2019, the Court entered a Civil Pretrial Order that required expert disclosures pursuant to Federal Rule of Civil Procedure 26 to be made on or before August 19, 2019. (ECF No. 61.) Plaintiff disclosed a singular expert witness, R. Matthew Hanak II, before that deadline. (Pl.'s Expert Designation, ECF No. 62.) However, Plaintiff's counsel failed to file the accompanying Expert Report before the August 19, 2019, deadline had passed. (Def., Beaver County's, Mot. to Strike the Expert Report of R. Matthew Hanak, ECF No. 69.) Defendant now moves to strike the Expert Report due to its untimely filing. (*Id.*) For the reasons that follow, Defendant's Motion will be DENIED without prejudice.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert disclosure to be "accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Rule 37 sets forth potential sanctions for a party's failure to disclose such report: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure

1

was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The non-producing party has the burden of proving substantial justification or harmlessness." *Bryant v. Wilkes-Barre Hosp. Co.*, No. 14-1062, 2016 WL 3615264, at *8 (M.D. Pa. July 6, 2016).

Our Circuit has enumerated four (4) factors that a district court should consider before excluding evidence under Rule 37:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). A district court should also consider the "importance of the excluded testimony." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

At the same time, a district court retains wide discretion to determine the admissibility of evidence. *Brooks v. Price*, 121 F. App'x 961, 965 (3d Cir. 2005) (citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)). Moreover, our Circuit has emphasized that exclusion of evidence under Rule 37(c)(1) is an "extreme sanction" that should be reserved for situations where the failure to disclose stems from bad faith or the resulting prejudice cannot be cured. *See Canterna v. United States*, 319 F. App'x 93, 98 (3d Cir. 2008) ("This Court recognizes that the exclusion of evidence for failure to comply with a pretrial order is an 'extreme sanction' that is not normally imposed 'absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'"); *In re TMI Litigation*, 193 F.3d 613, 721–22 (3d Cir. 1999) ("the exclusion of evidence for violation of a discovery order is an 'extreme sanction'").

2

## II. DISCUSSION

### A. Striking the Report for Untimeliness

Here, the Defendant primarily objects to the Expert Report on grounds of timeliness. (Def., Beaver County's, Mem. of Law in Supp. of Its Mot. to Strike the Expert Report of R. Matthew Hanak, ECF No. 70.) The gist of the Defendant's argument is that because of the Plaintiff's untimely filing, the case will "necessarily need to be delayed yet again," and the proper remedy is to strike the Expert Report altogether. (*Id.* at 5.) In the Court's estimation, however, such a draconian measure is not required at this juncture.

The first factor articulated by *Nicholas*—prejudice or surprise—breaks in the Defendant's favor: the Expert Report provides new information that was not disclosed in a timely fashion. However, filing of the Report (albeit untimely) should not have come as a "surprise" to the Defendant. Hanak was disclosed before the August 19, 2019, deadline and the Defendant should have anticipated that a report would likely follow, given that Rule 26(a)(2)(B) requires such.

Regarding the second factor, the Defendant appears to suggest that there is no available cure for this prejudice, because allowing the untimely Report would "necessitate an entire rescheduling of the Civil Pretrial Order." (ECF No. 70, at 5). The Court emphasizes, however, that this matter has not been scheduled for trial, nor is the case likely to be tried in the next few months, given the Court's current schedule. Additionally, the Court can, and will if necessary, adjust the case-management deadlines to mitigate any prejudice the Defendant might face (and such adjustment is unlikely to impact the earliest-possible date trial could begin).

Simply put, the Court is hard-pressed to find a reason to strike the Report if no trial date has yet been set. The Court would be more likely to exclude the untimely Report if it were "faced with a rapidly approaching, set trial date." *Pansini v. Trane Co.*, No. 17-3948, 2019 WL 1299036,

3

at *4 (E.D. Pa. Mar. 21, 2019). And this rationale aligns with the reasoning set forth by more than a few other courts in our Circuit. *See, e.g., Pager v. Metro. Edison*, No. 17-934, 2019 WL 4736227, at *16 (M.D. Pa. Sept. 27, 2019) (finding no prejudice to the moving party where "there is no trial date yet scheduled"); *United Healthcare Servs., Inc. v. Cephalon, Inc.*, No. 17-555, 2019 WL 2994660, at *8 (E.D. Pa. July 8, 2019) (allowing the non-producing party "to present some limited new expert opinions," which would not "significantly disrupt the 'orderly and efficient trial of the case'"); *Pansini*, 2019 WL 1299036, at *4 ("although this relief certainly will prolong the case, admitting [the] expert report will not unduly disrupt the trial of the case because no trial date [] has yet been set"); *Zawicki v. Armstrong*, No. 16-453, 2017 WL 6206290, at *4 (M.D. Pa. Dec. 8, 2017) ("We find that the [moving party] will not be unduly prejudiced. No trial date has been scheduled and [the non-producing party] indicate[s] that they would not object to [the moving party] conducting any additional discovery he deems appropriate for the late-disclosed information."); *Ely v. Cabot Oil & Gas Corp.*, No. 09-2284, 2014 WL 1276487, at *8 (M.D. Pa. Mar. 27, 2014) ("[T]rial in this matter has not been scheduled, and small modifications to the pretrial schedule can be made that are tailored to alleviating the prejudice to the Defendants while avoiding the exclusion of important evidence in [the ongoing] case . . . ."); *Merchs. Ins. Co. of N.H. v. 3 R Painting & Contracting Co.*, No. 06-1602, 2008 WL 2478387, at *3 (D.N.J. June 18, 2008) ("[A]llowing discovery to be reopened strictly for the purposes of deposing [the non-disclosed expert] will not disrupt the trial schedule in this case. Indeed, at present, the Court has yet to set a trial date.").

Relatedly, the third factor weighs in the Plaintiff's favor because admitting the Expert Report would not "disrupt the orderly and efficient trial of the case" if no trial date has yet been set. While the Defendant points to a long pattern of extending deadlines in this case, they also note

4

that all such extensions were made with their consent. (Def. Beaver County's Resp. in Opp'n to Pl.'s Mot. to Modify Pretrial Order, ECF No. 75.) Allowing the Expert Report in this instance is not an open-ended invitation for the Plaintiff to file additional untimely reports. Rather, it is an attempt to avoid the extreme sanction of excluding the untimely filing, which appears to be the result of an honest mistake. (*See* Pl.'s Br. in Opp'n to Mot. to Strike Pl.'s Expert Report, ECF No. 71 ("Plaintiff's counsel made the mistake of believing the report was due at the time the Plaintiff's Pretrial Statement was due.").)

The Court would also be remiss if it failed to note that if counsel for the Defendant was concerned about a speedy resolution of the case at hand, they could have picked up the phone and called Plaintiff's counsel as soon as they realized the Expert Report was not attached (knowing that the Report remained outstanding per Rule 26's requirement). Rather than requiring the Court to review and resolve the Motion at hand, Defendant's counsel could have taken Plaintiff's counsel up on his offer to resolve the untimely disclosure issue amongst themselves, which would have moved the case along in a more timely fashion. (*See* Mot. to Modify Pretrial Order, ECF No. 72 (seeking to amend the case-management schedule to cure any prejudice caused by the untimely filing of Plaintiff's Expert Report).)

Lastly, in examining the fourth factor, the Defendant claims that the Plaintiff's conduct was "dilatory and neglectful." (ECF No. 70, at 4.) While Plaintiff's filing of the untimely Report demonstrates insufficient attention to the case-management schedule, nothing suggests that this misstep was the result of bad faith.

Thus, Plaintiff's Expert Report will not be stricken because: (1) the prejudice to the Defendant is slight; (2) any prejudice can be cured by a brief extension of the case-management

schedule; (3) Plaintiff's untimely filing is unlikely to disrupt trial of the case because no trial date has yet been set; and (4) in the Court's estimation, the Plaintiff did not act in bad faith.

## B. Striking the Report for Insufficiency

The Defendant also contends that the Plaintiff's Expert Report violates Rule 26's substantive disclosure requirements.[1] Given that the Motion to Strike for untimeliness is denied, and that Plaintiff's counsel provided Hanak's curriculum vitae (ECF No. 71, Ex. B), this portion of the Motion is DISMISSED as moot, so long as Plaintiff provides Mr. Hanak's compensation data, as required by Rule 26(a)(2)(vi), to defense counsel on or before October 31, 2019. If Plaintiff does not, the Court may strike Mr. Hanak's report and his listing as an expert witness without further notice.

---

[1] An expert report must contain: "(iv) the witness's qualifications, including a list of publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi).

## III. CONCLUSION

Plaintiff's Expert Report will not be stricken. The Defendant is entitled to a modification of the case-management schedule, as to provide adequate opportunity for the Defendant to address and rebut the opinions set forth by the Plaintiff's expert, and to engage in limited additional expert discovery or to file any subsequent motions that they believe are warranted. To that end, the parties should confer and file a proposed schedule on or before November 1, 2019, that provides the Defendant with such opportunity.

An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated: October 22, 2019
cc: All counsel of record